**In re Jeffrey KATZ, Denise Katz, Leonard Fritzson, Karen Fritzson, Joseph Maggio, Ilene Maggio, Debtors.**

**Kenneth P. SILVERMAN as Trustee of the estate of above debtors, Plaintiff,**

**v.**

**Jeffrey KATZ, Denise Katz, Leonard Fritzson, Karen Fritzson, Joseph Maggio, Ilene Maggio, Defendants.**

Bankruptcy Nos. 190–11977–260, 190–11978–260, 190–11979–260, 190–11980–260, 190–11981–260 and 190–11982–260.
Adv. Nos. 190–1457, 190–1455, 190–1456, 190–1458, 190–1460 and 190–1459.

United States Bankruptcy Court, E.D. New York.

Oct. 28, 1992.

Pinks, Brooks Stern & Arbeit, Hauppauge, N.Y. by Robert S. Arbeit, for debtors.

Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, Garden City, N.Y. by Steven R. Schlesinger for trustee.

## DECISION ON MOTION FOR SUMMARY JUDGMENT SEEKING TO DENY THE DEBTORS' DISCHARGE AND CROSS–MOTION FOR SUMMARY JUDGMENT TO DISMISS THE COMPLAINTS

CONRAD B. DUBERSTEIN, Chief Judge.

### DECISION

These are adversary proceedings in which Kenneth P. Silverman, as the Chapter 7 Trustee (the "Trustee") of all the above Debtors is the Plaintiff wherein he seeks to have the above Debtors' discharges denied.

The Trustee has moved for summary judgment seeking to deny the Debtors' discharges pursuant to §§ 727(a)(4)(D) and (a)(6)(A) of the Bankruptcy Code. The Debtors cross moved for summary judgment to dismiss the complaints. These actions are consolidated for the purpose of this Decision.

For the reasons stated below, the motions for summary judgment are denied.

### FACTS

On May 17, 1990, involuntary petitions pursuant to Chapter 7 of the Bankruptcy Code were filed against the Debtors. The orders for relief were entered on June 19, 1990. At that time, the debtors were not represented by counsel. The law firm of Pinks, Brooks, Stern & Arbeit first appeared for them on February 15, 1991. Kenneth P. Silverman, Esq. was appointed as the Interim Trustee and by operation of law became the permanent Trustee of the Debtors' estates. Six months after the orders for relief were entered, and after this Court extended the time for the Trustee to object to the Debtors' discharges, the Trustee commenced these adversary proceedings.

The allegations of the Trustee's complaints are grounded on two claims for relief as follows:

### A. The First Claim for Relief

The first claim for relief alleges in general the following: 1) the Debtors knowingly and fraudulently withheld from, and failed to provide the Trustee with recorded information, including books, records and papers relating to the Debtors' financial affairs; 2) the Debtors failed to file schedules in connection with their bankruptcy proceedings; 3) the Debtors failed to cooperate with the orderly administration of the estate; and 4) the Trustee's attempt to exercise his statutory duties were completely frustrated by the Debtors' failure to cooperate with the administration of the estate.

The foregoing are set forth in the complaint as grounds for denying a discharge to the Debtors "pursuant to § 727(a)(4)(D) [1] of the Bankruptcy Code."

In the answers, the Debtors denied essentially all of the allegations charged in the complaints.

Affidavits in opposition to the motion for summary judgment were submitted by each debtor. The affidavits are sworn to by Joseph Maggio, Leonard Fritzson and Jeffrey Katz themselves and also on behalf of their respective wives, Ilene Maggio, Karen Fritzson, and Denise Katz. The allegations and matter contained in the affidavits are identical. In them, they claimed that for a short period of time after the orders for relief were granted they began to prepare schedules as required by the Bankruptcy Code, and that they expected

---

**1.** Section 727(a)(4)(D) states in pertinent part:
  (a) The court shall grant the debtor a discharge, unless— ...
  (4) the debtor knowingly and fraudulently, in or in connection with the case— ...

  (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs; ...

to file the same as soon as they were completed. In addition, they also claimed that they had only recently retained counsel to represent them in these matters, since previously they did not have the funds to employ counsel, and that they would be then able to fully cooperate with the Trustee and creditors in their respective bankruptcy cases.

The affidavits further recite that upon the retention of their attorneys a § 341 meeting was scheduled for February 15, 1991, at which time the Debtors appeared and submitted to examinations by the Trustee. The affidavits continue to state that at that meeting, the Debtors and the Trustee agreed that the schedules and other materials of the Debtors would be received by the Trustee by March 7, 1991, and the § 341 meeting was adjourned until March 11, 1991. The Debtors further asserted in the affidavits that the schedules and various financial information were prepared, forwarded to the Trustee and also filed with this Court on the requisite date. Finally, the affidavits recite that the § 341 meeting was adjourned at the Trustee's request, without an adjourned date determined.

The remaining two grounds constituting the balance of the first claim for relief which allege that the Debtors failed to cooperate with the orderly administration of the estate and frustrated the Trustee in his efforts to attempt to exercise his statutory duties, is not supported by the facts and circumstances relative to the Debtors' conduct. As set forth above, it appears that there was a sincere willingness on their part to cooperate with the Trustee once they became aware of their responsibilities and duties, and that they were also aided in fulfilling those responsibilities through the assistance of their counsel.

### B. The Second Claim for Relief

The Trustee further claims that the Debtors are not entitled to discharges pursuant to § 727(a)(6)(A) which bars the discharge, in pertinent part, for refusal to obey any lawful order of the Court. The Trustee bases his claim on the fact that the Debtors failed to comply with orders of this Court directing them to appear and submit to examinations under oath at scheduled § 341 meetings. Here again the Debtors reiterate that their failure to comply with those orders arose out of the fact that they were unable to retain counsel and were not knowledgeable of their requirements as debtors in a bankruptcy case. However, they argue that after they had retained counsel, they submitted themselves to examinations by the Trustee at the § 341 meetings and further, that although they were ready, willing and able to submit to further § 341 examinations by the trustee, he never rescheduled the same.

### DISCUSSION

A motion for summary judgment is governed by Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings pursuant to Federal Rules of Bankruptcy Procedure (the "Fed.R.Bankr.P.") 7056, which provides in pertinent part:

> [T]he judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56.

In ruling on a motion for summary judgment, the court's function is to determine whether a genuine issue as to any material fact exists, not to resolve any factual issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986); *Eastman Machine Co. v. United States*, 841 F.2d 469 (2d Cir.1988); *In re Sapru*, 127 B.R. 306, 319 (Bankr.E.D.N.Y.1991). The court must deny summary judgment where there is a genuine issue as to any material fact, and grant summary judgment where there is no such issue and the movant is entitled to judgment as a matter of substantive law. *Anderson*, 477 U.S. at 247–52, 106 S.Ct. at 2506–11; *Hamilton v.*

*Smith,* 773 F.2d 461, 466 (2d Cir.1985); *In re Kenston Management Co.,* 137 B.R. 100, 108 (Bankr.E.D.N.Y.1992).

The movant bears the burden of proving the absence of any genuine issue as to all material facts which entitle him to summary judgment. *Sapru,* 127 B.R. at 319; *In re F & L Plumbing & Heating Co.,* 114 B.R. 370, 374 (E.D.N.Y.1990). Once this initial burden is met, the opposing party must not only set forth specific facts showing there is a genuine issue for trial, but also that the disputed fact is material. *In re General American Communications Corp.,* 130 B.R. 136, 152 (S.D.N.Y.1991); *F & L Plumbing,* 114 B.R. at 374. Therefore, the opposing party may not merely rely upon the contentions of its pleadings, but must produce significant evidence to support its position. *General American Communications,* 130 B.R. at 152. *See also First Nat. Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), *reh. denied,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968); *United States v. Pent–R–Books, Inc.,* 538 F.2d 519 (2d Cir.1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977).

In addition, when determining whether there is a genuine issue of material fact, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). As the Supreme Court in *Anderson v. Liberty Lobby, Inc.* stated:

> [T]he judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other[,] but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict— "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it.... [*Schuylkill and Dauphin Improvement Co. v. Munson,* 14 Wall. 442, 448 [20 L.Ed. 867] (1872).

*Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

A motion for summary judgment will be denied "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances...." *In re Chas P. Young Co., (CPY Co. v. Ameriscribe Corp.),* 145 B.R. 131, 135 (Bankr.S.D.N.Y.1992) (quoting *In re Combs,* 40 B.R. 148, 151 (Bankr.W.D.Va. 1984)). Therefore, not only must there be no genuine issue of material fact, but there must also be no controversy as to the inferences to be drawn from those facts in order for summary judgment to be granted. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Schwabenbauer v. Bd. of Educ. of the City Sch. Dist. of the City of Olean,* 667 F.2d 305, 313 (2d Cir.1981); *CPY,* 145 B.R. at 136.

From the pleadings and supporting memoranda filed in this proceeding, it is this Court's conclusion that there exist genuine issues of material fact.

This Court has previously held that the relief afforded in bankruptcy cases was intended to permit an honest debtor to obtain a fresh start from debt.

> The "central purpose of the bankruptcy code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt'.... [However], the [Bankruptcy Code] limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor.'"

*In re Sawyer,* 130 B.R. 384, 392–93 (Bankr. E.D.N.Y.1991) (quoting *Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Therefore, objections to discharge must be construed strictly against the objectant and liberally in favor of the debtor. *In re Adlman,* 541 F.2d 999, 1003 (2d Cir.1976); *In re Kokoszka,* 479 F.2d 990, 997 (2d Cir.1973), *cert. granted sub nom., Kokoszka v. Belford,* 414 U.S. 1091, 94 S.Ct. 721, 38 L.Ed.2d 548 (1973), *aff'd,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), *and reh. denied,* 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131 (1974); *In re Kelly,* 135 B.R. 459, 461 (Bankr.S.D.N.Y.1992); *Sapru,* 127 B.R. at 314; *In re Overmyer,* 121 B.R. 272, 279 (Bankr.S.D.N.Y.1990). However, § 727(a) of the Bankruptcy Code provides various grounds for denying the discharge of an abusive or unworthy debtor. *In re Pimpinella,* 133 B.R. 694, 697 (Bankr.E.D.N.Y. 1991); *In re Shapiro,* 59 B.R. 844, 847 (Bankr.E.D.N.Y.1986).

■ The Debtors concede that they failed to comply with the requirements set forth in the Bankruptcy Code regarding the filing of schedules. However, they seek to justify the defaults by claiming that they did not have the necessary funds to obtain counsel and were ignorant of the proper bankruptcy procedures at the time of the filing of the involuntary petitions. Thus, they argue that their non-compliance was not willful, fraudulent nor intended in bad faith. In addition, they contend that the defaults were cured as soon as counsel was retained, which was about nine months before the Trustee made the instant motions for summary judgment.

Although this Court does not condone the untimely filing of schedules, the facts are clear that the debtors finally filed their schedules within the time as extended by the Trustee. While § 707 [2] provides for the dismissal of a Chapter 7 for cause, including the failure to file schedules as required by § 521(1) on motion by the U.S. Trustee, the failure to perform that duty is not enumerated in § 727, particularly in § 727(a)(4)(D) [3] relied upon by the Trustee, as constituting a bar to the debtor's discharge for withholding the documents referred to therein relating to the debtor's property or financial affairs.

The Trustee asserts as a further ground to bar the discharges of the debtor, their failure to cooperate with the Trustee in the administration of the estate. Although there is no provision in § 727 that provides such bar, Rule 4002 of the Federal Rules of Bankruptcy Procedure, in setting forth the duties of a debtor in addition to those required of it to be performed pursuant to the Bankruptcy Code, calls for, among others, the need for the debtor to cooperate with the Trustee in the administration of the estate.[4]

As appears from the foregoing, the debtors have asserted that once they obtained counsel, they proceeded to cooperate with the Trustee by attending the § 341 meetings and filing their schedules. By reason thereof this Court is of the opinion that an issue of material fact exists as to whether the cooperation called for by Rule 4002 was manifested by their conduct.

A court in a bankruptcy proceeding must exercise its discretion when determining whether or not to grant a discharge to a debtor, even when an order of the court

---

**2.** Section 707 states in pertinent part:

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees and charges required under chapter 123 if title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section

521, but only on a motion by the United States trustee....

**3.** *See infra* note 1.

**4.** Federal Bankruptcy Rule 4002 provides in pertinent part as follows:

In addition to performing other duties prescribed by the Code and rules, the debtor shall (1) attend and submit to an examination at the times ordered by the court; ... (4) cooperate with the trustee in ... the administration of the estate....

has not been followed. *Kokoszka*, 479 F.2d at 997. "The failure of a [debtor] to obey a lawful order of the court is [not] an axiomatic bar that obviates the need to exercise any discretion." *In re Silverman*, 10 B.R. 727, 733 (Bankr.S.D.N.Y.1981); *see also In re Jones*, 490 F.2d 452, 455 (5th Cir.1974); *Kokoszka*, 479 F.2d at 997. In *Kokoszka*, the Court of Appeals for the Second Circuit stated that:

> The denial of a discharge can work as a serious deprivation upon a debtor, and there are many circumstances where a [debtor's] disobedience may have been inadvertent or otherwise excusable. Moreover the denial of a discharge is not the only weapon available to the [judge] in order to enforce his orders as a recalcitrant petitioner can also be held in contempt.

*Kokoszka*, 479 F.2d at 997.

This Court, however, does not minimize the importance and seriousness of disobeying a lawful order nor condone a blatant violation. Some of the factors to be considered by the court in deciding whether the failure to obey an order justifies the denial of a discharge are outlined in *Kokoszka:*

> [B]efore denying a discharge, the [judge] should weigh the detriment to the proceedings and the dignity of the court against the potential harm to the debtor if the discharge is denied. He should consider such factors as the intent behind the [debtor]'s acts—were they wilful or was there a justifiable excuse; was there injury to the creditors; and is there some way that the bankrupt could make amends for his conduct.

*Kokoszka*, 479 F.2d at 998. Therefore, the court may, in its discretion, grant a discharge to a debtor who immediately complies with an order which he had previously disobeyed due to an excusable circumstance. *Id.* at 998.

In the present motions, the Debtors' justification for their failure to comply with the orders must be examined. The Debtors argue that, due to insufficient funds to obtain counsel and their ignorance of proper bankruptcy procedures at the time of the filing of the involuntary petitions, they were unable to comply with the orders and that the subsequent remedy of this wrongful conduct by obtaining counsel and attending the following § 341 meeting evinces the Debtors' good faith endeavor to effectuate a Chapter 7 discharge. Although continued lack of cooperation with court orders may suffice for a denial of discharge in bankruptcy (*see In re Miller*, 97 B.R. 760 (Bankr.W.D.N.Y.1989) (trustee's request for relief is granted where the debtor failed to comply with four court orders); *In re Schultz*, 71 B.R. 711 (Bankr. E.D.Pa.1987) (denial of discharge is granted where the debtor failed and continues to fail to obey a court order); *Silverman*, 10 B.R. 727 (denial of discharge is granted where debtor failed to comply with five court orders)), this Court must weigh all the relevant factors to determine whether these cases warrant such a denial. *Compare In re Wolfson*, 139 B.R. 279 (Bankr. S.D.N.Y.1992) (Chapter 7 debtor was denied a discharge where he displayed an indifference to the bankruptcy process resulting in an inability to achieve an accurate assessment of his financial condition) *with Kelly*, 135 B.R. 459 (omissions from schedules were excusable and did not warrant denial of Chapter 7 debtor's discharge, where debtor took the necessary steps of retaining new counsel and amending schedules when he realized that his reliance on original counsel was misplaced).

## CONCLUSIONS

1. These actions are consolidated for the purpose of this Decision.

2. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334 and 157(a) and are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

3. The Trustee's motions for summary judgment seeking to deny the discharge of the Debtors pursuant to §§ 727(a)(4)(D) and (a)(6)(A) of the Bankruptcy Code are denied and the Debtors' motion for summary judgment to dismiss the complaints are denied.

4. A hearing is to be scheduled to examine the genuine issues of material fact that exist, as more fully discussed in this decision.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.