**In re Michael BAUMHAFT, Debtor.**

**James M. Kohlenberg and John R. Medical Clinic, P.C., Profit Sharing Plan, Plaintiff,**

**v.**

**Michael Baumhaft, Defendant.**

**Bankruptcy No. 99–55501–R.**

**Adversary No. 00–4163.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

June 6, 2001.

Elizabeth M. Abood, Rochester Hills, MI, Marc M. Bakst, Detroit, MI, David K. Foust, Office of the Attorney General/Collections, Detroit, MI, Jay S. Kalish, Farmington Hills, MI, Michael J. Katz, Farmington Hills, MI, John C. Lange, Gold, Lange & Majoros, PC, Southfield, MI, Karen L. Rowse–Oberle, St. Clair Shores, MI, Michael J. Ryan, Troy, MI, Margaret Conti Schmidt, Detroit, MI, Craig S. Schoenherr, Sr., Sterling Heights, MI, for creditor.

Kay Standridge Kress, Detroit, MI, for trustee.

Debra Beth Pevos, Southfield, MI, for debtor.

*Opinion Granting Plaintiffs' Motion
for Summary Judgment*

STEVEN W. RHODES, Bankruptcy Judge.

### I.

On July 7, 1999, pursuant to a settlement agreement, the Oakland County Circuit Court entered a Consent Judgment against the defendant, Michael Baumhaft in favor of the plaintiffs, James M. Kohlenberg and John R. Medical Clinic P.C. Profit Sharing Plan (the Kohlenberg Group) in the amount of $250,000. On September 1, 1999, a Supplemental Consent Judgment was entered in the amount of $22,022.75. In anticipation of the Consent Judgment, the parties entered into a Settlement Agreement and a Stipulation of Facts. The parties' intention to be bound by the Settlement Agreement and the Stipulation of Facts in a future bankruptcy proceeding is clearly reflected in the documents. In the Settlement Agreement, the defendant agreed that he would not challenge the nondischargeability of the Consent Judgment and Supplemental Judgment in any bankruptcy proceeding. The Stipulation of Facts contains the elements of nondischargeability under 11 U.S.C. § 523(a)(2)(A) & (B) and states "that the following facts are true and may be found to be true by the Court in the captioned action and in any subsequent bankruptcy or insolvency proceeding filed by [ ] or against [Michael Baumhaft]."

On October 4, 1999, a chapter 7 involuntary petition was filed against Michael Baumhaft. Baumhaft did not challenge the involuntary petition and an order for relief was entered. On December 24, 2000, the Kohlenberg Group filed the present adversary proceeding seeking a deter-

mination that the Consent Judgment is nondischargeable pursuant to § 523(a)(2)(A) & (B). On December 26, 2000, The Kohlenberg Group filed this motion for summary judgment.

The Kohlenberg group argues that the Consent Judgment should be given preclusive effect in this nondischargeability proceeding and that the Consent Judgment, the Settlement Agreement and the Stipulation of Facts demonstrate that there are no genuine issues of material fact and that Baumhaft cannot prevail under any circumstances. Baumhaft asserts that because the Consent Judgments are not final decisions on the merits, they should not be given preclusive effect.

The Court concludes that the plaintiffs' motion should be granted because the parties' factual stipulations both support a judgment for the plaintiffs under 11 U.S.C. § 523(a)(2) and preclude the debtor from relitigating those facts.

## II.

The standard of review for summary judgment is set out in Federal Rule of Civil Procedure 56(c), made applicable to this adversary bankruptcy proceeding by Bankruptcy Rule 7056. FED. R. CIV. P. 56 establishes the standard for granting summary judgment, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The 1963 Advisory Notes which accompany this rule emphasize that "[t]he very

mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." The Supreme Court discussed the standard for summary judgment at length in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court indicated that "the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. *Id.* at 588, 106 S.Ct. at 1356–1357. Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "A motion for summary judgment [should] be denied 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances....'" *Silverman v. Katz (In re Katz)*, 146 B.R. 617, 620 (Bankr.E.D.N.Y.1992) (citations omitted).

## III.

■ "The Sixth Circuit has held that the application of collateral estoppel in a nondischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment." *Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 388 (6th Cir. BAP 1998) (citing *Bay Area Factors v.*

*Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir.1997)).

■■■ Under Michigan law, consent judgments are normally not given collateral estoppel effect, unless "the parties have entered an agreement manifesting an intention that the judgment be conclusive with respect to one or more of the issues[.]" *Mustaine v. Kennedy (In re Kennedy )*, 243 B.R. 1, 12 (Bankr.W.D.Ky. 1997) (citing *Harrison v. Bloomfield Bldg. Indus., Inc.*, 435 F.2d 1192, 1194–95 (6th Cir.1970)) (additional citations omitted).

> Where the agreement upon which a consent judgment is based is fairly to be construed as providing that the parties should be bound collaterally upon a certain point, that agreement will ... be given effect. An intention to be bound in this way should not however be found unless the language or admissible evidence affirmatively point to it, and such an intention should not be inferred from the circumstance, taken alone, that the agreement or judgment contains a stipulation or recital of the fact's existence. Where the parties to a consent judgment have not agreed to be thus bound, the rule pertaining to the effect of judgments do not require that they should be ....

*Industrial Ins. Servs., Inc. v. Zick (In re Zick )*, 100 B.R. 867, 870 (Bankr.E.D.Mich. 1989) (quoting James, *Consent Judgments as Collateral Estoppel*, 108 U. Pa. L. Rev. 173, 193 (1959)).

■■■ In *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987), the Seventh Circuit Court of Appeals considered whether a consent judgment contained language which would clearly indicate the parties intention to be bound by the consent judgment.

> In the consent decree entered into in this case, the parties specifically provided that the debt owed to Ms. Klingman would "not be dischargeable in any bankruptcy or similar proceeding and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and Correct without further proof." ... In this situation, it is certainly reasonable to conclude that the parties understood the conclusive effect of their stipulation in a future bankruptcy proceeding. Consequently, the consent judgment should be given collateral estoppel effect.

*Id.* at 1296. In a footnote the court explained:

> As the bankruptcy court properly noted, the stipulation that the debt owed to Ms. Klingman would "not be dischargeable in any bankruptcy or similar proceeding" did not constitute a waiver of Mr. Levinson's right to have a bankruptcy court determine the dischargeability of the debt. *See In re Levinson*, 58 B.R. 831, 836–37 (Bankr.N.D.Ill.1986) ... Generally, all debts are dischargeable in bankruptcy unless specifically excepted by a provision in the Bankruptcy Code. *See, e.g., In re Cross*, 666 F.2d 873, 879 (5th Cir. Unit B 1982). For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlaying facts that the bankruptcy court must examine to determine whether a debt is dischargeable.

*Id.* n. 3. The court then held that Ms. Klingman was entitled to summary judgment because Mr. Levinson's stipulations regarding the underlying facts of the nondischargeability action were entitled to collateral estoppel effect.

■■■ In *Giaimo v. Detrano (In re Detrano )*, 222 B.R. 685 (Bankr.E.D.N.Y.1998), the bankruptcy court noted that while the settlement agreement did contain a provi-

sion that the debt would be nondischargeable in bankruptcy, the debtor had not entered into an agreement stipulating to the underlying facts of nondischargeability. The court held that the nondischargeability portion of the agreement was not enforceable but that the release was enforceable, thus preventing the plaintiff from even bringing a nondischargeability action before the court.

As a matter of superseding federal bankruptcy policy, however, a prepetition waiver of a discharge of a particular debt or of all debts is against public policy and unenforceable. *See Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987) . . .

. . . There is only one reliable way to achieve the result [the plaintiff] sought in a formal settlement agreement: (i) the debtor has to admit to the specific allegations of the intentional torts, and (ii) the debtor has to acknowledge that any release of liability is conditional, and not absolute—namely, that the release is conditioned upon the debtor's not filing for bankruptcy relief during the period of the settlement agreement.

*Detrano,* 222 B.R. at 688–89.

## IV.

 In the present case, the parties entered a settlement agreement which specifically provides that:

Michael and Sandra Baumhaft agree that they will not object to the nondischargeability of the Judgment or the Supplemental Judgment in any subsequent bankruptcy of either or both Sandra and Michael Baumhaft or to the filing of this Agreement, . . . in any proceeding to enforce the Consent Judgment, the Supplemental Judgment or this Agreement.

(Agreement ¶ 4, Ex. 1 attached to Defendant's Br.) Further, the agreement references a Stipulation of Facts entered into by Michael Baumhaft. The Stipulation of Facts provides:

The undersigned, a named defendant in the captioned action, does hereby stipulate, in order to effect a settlement, that the following facts are true and may be found to be true by the Court in the captioned action and in any subsequent bankruptcy or insolvency proceeding filed by or against met [sic] (but shall not be admissible or utilized in any criminal proceeding):

1. I obtained for First Independence Capital Corporation at least $250,000 from the plaintiffs in the captioned action through material misrepresentations. Among the material misrepresentations made were those as alleged in Count VII of the Second Amended Complaint filed in the captioned action. At the time I made these material misrepresentations, I made them with gross recklessness as to their truth;

2. I intended to deceive plaintiffs at the time I made the material misrepresentations;

3. Plaintiffs justifiably relied on my material misrepresentations;

4. Reliance by plaintiffs was the proximate cause of the loss of their funds.

(Stipulation of Facts, Ex. A attached to Plaintiffs' Br.) The Stipulation of Facts is dated June 30, 1999, signed by Michael Baumhaft and witnessed by Dennis J. Harris.

In the present case, the parties did what was required to give their consent judgment collateral estoppel effect. The Consent Judgment, Settlement Agreement, and Stipulation of Facts all clearly manifest an intention that the parties be bound by their agreement in a future bankruptcy proceeding. Because Michael Baumhaft's

Stipulation of Facts fully establish the elements of the plaintiffs' nondischargeability claim under § 523(a)(2)(A) & (B), there are no genuine issues of material fact. Accordingly, the Kohlenberg Group's motion for summary judgment is GRANTED.