In re Michael David HUBBARD and Patsy Anne Hubbard d/b/a Discount Rent–A–Car Vehicle Management Lease Sales, Debtors.

Bankruptcy No. 591–50331–11.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Nov. 23, 1993.

Darvin Morrison, Lubbock, TX, for debtors.

E. Scott Frost, Asst. U.S. Atty., U.S. Dept. of Justice, Lubbock, TX, for U.S.

## MEMORANDUM OF OPINION ON MOTION FOR CLARIFICATION OF PLAN

JOHN C. AKARD, Bankruptcy Judge.

Michael David Hubbard and Patsy Anne Hubbard (Debtors) asserted that the statutory interest on Mr. Hubbard's nondischargeable criminal fine was discharged pursuant to the provisions of their confirmed Chapter 11 plan. The court finds that the interest was not discharged.[1]

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B), and (L).

## FACTS

On February 13, 1991, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, Case No. 91–30204. By order dated April 29, 1991, the case was transferred to the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division, where it was given Case No. 591–50331–11. By order entered June 8, 1992, the court confirmed the Debtors' First Amended Combined Disclosure Statement and Plan of Reorganization. On August 26, 1993, the Debtors filed a Motion for Clarification of Plan Provisions asserting that Mr. Hubbard was not obligated to pay interest on a criminal fine.

## POSITIONS OF THE PARTIES

Mr. Hubbard acknowledged that in May 1990, he pled guilty in the United States District Court for the Western District of Oklahoma to two counts of an indictment alleging violation of 15 U.S.C. § 1984 concerning false statements made in the disclosures required upon transfer of ownership of motor vehicles. He received a one-year prison term and a fine of $10,000. The judgment filed June 11, 1990 provided that the $10,000 fine would be paid "per a schedule as determined by the United States Probation Office."

Mr. Hubbard asserted that he is not obligated to pay interest on the $10,000 fine. He offered several arguments in support of that position:

1. A letter dated May 3, 1991 from an Assistant United States Attorney in Oklahoma City, Oklahoma to the Financial Litigation Unit in the United States Attorney's Office in Fort Worth, Texas. The letter noted that Mr. Hubbard's file was transferred to Fort Worth. It recited a conversation with Mr. Hubbard in which Mr. Hubbard noted that his Chapter 11 case was transferred from El Paso to Lubbock. The letter stated that Mr. Hubbard "requested confirmation of the interest rate applicable to his fine and stated he believed the interest would stop accruing upon his bankruptcy filing date." The Assistant United States Attorney noted that he made no agreements with Mr. Hubbard and was referring the matter to the Fort Worth office for appropriate action.

2. A letter dated May 19, 1992, which Mr. Hubbard wrote to the Assistant United States Attorney in charge of the Financial Litigation Unit [2] which stated:

"This was confirmed on May 01 of 92. You will receive monthy [sic] payments without any interest or penalty. [sic] Payments as follow:

47 monthy [sic] payments of $211.04

01 monthy [sic] payment of $81.12

If you have any questions please feel free to [sic] me at the office."

In response to that letter, Mr. Hubbard received a letter dated May 28, 1992 from a Financial Litigation Agent in the United States Attorney's office in Fort Worth, Texas acknowledging receipt of the letter of May 19, 1992, stating that the check in the amount of $211.04 had been credited to his account, and instructing him to forward all future payments to the United States District Clerk in Lubbock, Texas.

3. The First Amended Combined Disclosure Statement and Plan of Reorganization did not specifically list the creditors within any class. Mr. Hubbard asserted that the fine was included in Class V with claims of unsecured creditors. The treatment of those creditors is discussed in paragraph 19, which reads as follows:

19. Class V General unsecured creditors, whose claims total $21,840.91, will receive 477 consecutive monthly payments of $461.00, pro-rated. In the event any of those claims are successfully disputed, the number of monthly pay-

---

2. The letter does not give an address for the Financial Litigation Unit, but in argument, the Debtors' attorney asserted that the letter was

sent to the Financial Litigation Unit in Fort Worth, Texas.

ments will be reduced, but not the amount.[3]

Mr. Hubbard asserted that the plan provisions bind the United States, as a unsecured creditor in this case; that unsecured creditors do not receive any interest under the plan; and thus, he is not obligated to pay interest on the criminal fine to the United States. He noted that the United States, and in particular the Financial Litigation Unit of the United States Attorney's office, had proper and adequate notice of the plan and the hearing on confirmation of the plan. He asserted that if the United States thought the provisions of the plan were in error, it should have raised those concerns at or before the confirmation hearing, but that the United States Attorney made no appearance in the bankruptcy case until the hearing on the motion presently under consideration.

The United States acknowledged that it received adequate notice of the Debtors' Chapter 11 proceeding and of the proposed plan, but did not object to the plan. The date of the offense to which Mr. Hubbard pled guilty was January 6, 1987. The United States pointed to 18 U.S.C. § 3565(b)(2) as it relates to offenses committed prior to November 1, 1987, which reads as follows:

(2) If the judgment specifies other than immediate payment of a fine or penalty, the period provided for payment shall not exceed five years, excluding any period served by the defendant as imprisonment for the offense. The defendant shall pay interest on any amount payment of which is deferred under this paragraph. The interest shall be computed on the unpaid balance at the rate of 1.5 percent per month for each full calendar month for which such amount is unpaid.

The United States next noted that the effect of confirmation is covered by § 1141 of the Bankruptcy Code,[4] the pertinent portions of which read as follows:

§ 1141. Effect of confirmation.

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

. . . .

(d)(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title.

Fines are excepted from the discharge under § 523, the pertinent portions of which read as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss.

The United States asserted that this fine does not relate to a pecuniary loss; thus the entire fine, including interest, is nondischargeable.

## DISCUSSION

■ The fact that the United States did not participate in the confirmation process does not preclude it from asserting that its claim is nondischargeable. *Goodnow v. Adelman (In re Adelman)*, 90 B.R. 1012 (Bankr. D.S.D.1988).[5]

---

3. The docket sheet reflects that the confirmation hearing was held on March 31, 1992 and the court announced at that time it would confirm the plan. The Debtors' attorney did not submit the order confirming the plan until June 8, 1992.

4. The Bankruptcy Code is 11 U.S.C. § 101 *et seq*. References to section numbers are references to sections in the Bankruptcy Code.

5. In *Adelman* the creditor did not participate in the confirmation process. This court's decision,

■ The thrust of Mr. Hubbard's argument is that the "debt" described in § 523(a)(7) is the $10,000 fine, but that the interest is not part of the debt. Section 101(12) defines the term "debt" as "liability on a claim." The term "claim" is defined in § 101(5)(A) as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." The United States' right to payment includes not only the $10,000 fine in the criminal judgment, but also the statutory interest on that judgment. Admittedly, the total interest owed is not liquidated because it is calculated on a monthly basis, but it is nonetheless a right to payment. Thus the entire obligation to the United States is not discharged. *Adelman,* 90 B.R. at 1018.[6] The letters described above do not constitute an admission by the United States Attorney that interest is not to be paid on the fine, nor do they constitute a waiver of interest by the United States Attorney. Further it has not been shown that the United States Attorney has the authority to waive the statutory interest.

At hearing, the attorney for Mr. Hubbard cited the court to *In re Mercado,* 124 B.R. 799 (Bankr.C.D.Calif.1991). That case effectively argues that while a confirmed Chapter 11 plan can provide a method for paying nondischargeable debts over time, it cannot discharge any part of a nondischargeable debt.

■ Mr. Hubbard asserted that the plan itself discharges all debts to the extent not provided for by the plan. Paragraph 26 of the plan reads as follows:

26. The rights afforded by the Plan of Reorganization and the treatment of all

creditors herein shall be in exchange for and in complete satisfaction, discharge, and release of claims of any nature whatsoever held by any party on notice. Unless otherwise provided herein, upon the confirmation date, in accord with § 1141 of the Bankruptcy Code, all claims against the Debtors shall be satisfied, discharged, and released in full. All creditors shall be precluded from asserting against the Debtors for their assets and properties any other or further claims based upon any act, omission, transaction, or other activity of any kind or nature that occurred prior to the confirmation date.

Mr. Hubbard would have the court construe paragraph 26 of the plan to discharge the portion of the United States' claim based upon interest. Such a construction of that paragraph would cause the plan to be in direct contravention with the provisions of § 1141(a) of the Bankruptcy Code as they relate to § 523(a)(7). Paragraph 26 of the plan is of general application and is true with respect to dischargeable debts. The court does not construe it in such a way as to contravene the specific provisions of the statute with respect to nondischargeable debts.

■ The issue in this case is the same as that dealing with interest on nondischargeable tax claims. Under § 503 the obligation for postpetition interest is not a valid claim against the bankruptcy estate but postpetition interest on nondischargeable tax obligations is nondischargeable under § 1141. *Cline v. IRS (In re Cline),* 100 B.R. 660 (Bankr.W.D.N.Y.1989). *See also In re JAS Enterprises, Inc.,* 143 B.R. 718 (Bankr. D.Neb.1992).

---

*In re McAfee,* 120 B.R. 76, 80 (Bankr.N.D.Tex. 1990), distinguished *Adelman.* *McAfee* involved a creditor who filed a preconfirmation objection to dischargeability and then entered into a settlement of all claims which was followed by confirmation. This court found that the settlement and confirmation barred the postconfirmation assertion of the nondischargeability action. The *Adelman* court noted that its docket prevented it from hearing the dischargeability complaint until after confirmation and, thus, found the debt nondischargeable.

6. *See also Hanna v. United States (In re Hanna),* 872 F.2d 829, 830–31 (8th Cir.1989) (holding that in a Chapter 7 case, postpetition interest on a nondischargeable tax claim is also nondischargeable). The Eleventh Circuit followed *Hanna* in *Burns v. United States (In re Burns),* 887 F.2d 1541, 1543 (11th Cir.1989); *see also United States v. Gurwitch (In re Gurwitch)* 794 F.2d 584 (11th Cir.1986) (holding that following confirmation of the debtor's Chapter 11 plan, the Internal Revenue Service could collect a nondischargeable tax claim that was not listed in the IRS's bankruptcy claim).

## CONCLUSION

The court holds that the failure of the United States to participate in the confirmation process did not prevent it from asserting the nondischargeability of its claim. Additionally, the court holds that statutory interest is a part of the nondischargeable fine and, thus, the interest was not discharged.

ORDER ACCORDINGLY.[7]

---

**7.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.