**In re Tony BIONDIC, Debtor.**

**Tony BIONDIC, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**Bankruptcy No. 1:94cv1179.**

United States District Court,
N.D. Ohio.

Dec. 6, 1995.

Kenneth J. Freeman, Freeman & Kodish, Cleveland, OH, for appellant.

Stephen A. Sherman, Department of Justice, Ben Franklin Station, Washington, DC, for appellee.

## MEMORANDUM OPINION

ECONOMUS, District Judge.

This matter is before the Court upon the appeal of Tony Biondic ("Biondic") of a judgment rendered in the United States Bankruptcy Court for the Northern District of Ohio in favor of the United States of America ("Government"). The Bankruptcy Court found that Biondic was collaterally estopped from litigating whether or not his 1980 income tax liability is dischargeable.

For the reasons set forth below, the Court finds that the Bankruptcy Court was correct and affirms its decision.

## *FACTS*

In 1979 and 1980, Biondic was the sole proprietor of A & B Grinding Company. Biondic did not report all of his business income on his Form 1040 income tax return for either year. His tax returns for these years were prepared by Frank Brown and signed by Biondic.

On March 28, 1986, a two-count Information was filed against Biondic for filing a false and fraudulent tax returns with intent to evade income tax due for the years 1979 and 1980. As part of a plea agreement, Biondic plead guilty to Count I (the 1979 tax return), and Count II (the 1980 tax return) was dismissed.

On November 12, 1987, the Internal Revenue Service issued a "Statutory Notice of Deficiency" assessing Biondic for income tax liability and fraud penalties for the years 1979 and 1980.

Biondic filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio on August 25, 1993. Biondic filed a Complaint seeking a determination that his income tax obligations for 1979 and 1980 were dischargeable. The Government filed a timely Answer to the Complaint.

The Government moved for partial summary judgment based upon 11 U.S.C. § 523(a)(1)(C) which prohibits a discharge of a tax debt which results from tax evasion. Judge Randolph Baxter heard oral arguments on the motion. On April 18, 1994, the United States Bankruptcy Court granted the Government's motion. Judge Baxter held that Biondic was collaterally estopped from litigating whether his 1979 and 1980 income tax returns were fraudulent and, thus, nondischargeable. Judge Baxter found that Biondic's guilty plea to the 1979 tax evasion charge "precluded him from denying the falsity of the 1980 return." *In Re Biondic*, No. 93–14168, Adv. No. 93–1437 (Bankr.N.D.Ohio April 18, 1994) (order awarding United States partial summary judgment).

Biondic filed a Notice of Appeal and requests this Court to review Judge Baxter's Order with regards to the 1980 income tax return. The issue before this Court is whether the Bankruptcy Court erred, as a matter of law, in awarding summary judgment to the Government based upon the doctrine of collateral estoppel.

## *DISCUSSION*

The issue in this appeal is a question of law. A Bankruptcy Court's conclusions of law are subject to a de novo review by this Court. *In re Dyac Corp.*, 164 B.R. 574 (N.D.Ohio 1994).

Collateral estoppel is properly applied when the following elements have been established:

1. the issues presented by the second action are in substance the same as those resolved in the first;

2. the controlling facts or legal principle has not changed significantly since the first action;

3. the prior determination of the issue or fact must have been litigated and necessary to the judgment of the earlier action;

4. the standard of proof in the prior case must have been at least as stringent as

the standard of proof in the later action; and

5. the party against whom the doctrine is asserted was a party to the earlier proceeding.

*Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980).

■ Biondic argues that his guilty plea to the 1979 tax evasion charge was not a determination of any issues surrounding the 1980 return. However, Biondic admits that his 1980 return was prepared by the same accountant and in the same accounting methods as the 1979 return. He also admits that the 1980 return was false as was the 1979 return.

Regarding collateral estoppel in tax cases, the Supreme Court has held that "... if the very same facts and no others are involved in the second case, a case relating to a different tax year, the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change." *Commissioner v. Sunnen,* 333 U.S. 591, 601, 68 S.Ct. 715, 721, 92 L.Ed. 898 (1948).

A guilty plea for federal income tax evasion has been held to establish civil tax fraud in a subsequent proceeding. *Gray v. Commissioner,* 708 F.2d 243, 246 (6th Cir.1983). The facts surrounding Biondic's 1980 return are identical to those of his 1979 return. Additionally, there have been no changes in the law regarding fraudulent income tax returns or tax evasion since Biondic's guilty plea. Therefore, the Court finds that Biondic is precluded from relitigating whether his 1980 return was fraudulent based upon his guilty plea to federal income tax evasion for the 1979 return.

## CONCLUSION

The Court finds that the Bankruptcy Court properly applied the doctrine of collateral estoppel to Biondic's request for discharge of his 1980 tax liability. Therefore, the decision of the United States Bankruptcy Court for the Northern District of Ohio is **AFFIRMED.**

**IT IS SO ORDERED.**

## JUDGMENT

This matter is before the Court upon the appeal of Tony Biondic ("Biondic") of a judgment rendered in the United States Bankruptcy Court for the Northern District of Ohio in favor of the United States of America ("Government"). The Bankruptcy Court found that Biondic was collaterally estopped from litigating whether or not his 1980 income tax liability is dischargeable.

For the reasons set forth in the Memorandum Opinion dated December 6, 1995, the Court finds that the Bankruptcy Court was correct. The decision of the United States Bankruptcy Court for the Northern District of Ohio is **AFFIRMED.**

**IT IS SO ORDERED.**