In re Thomas M. CASSIDY,
et al., Debtor.

UNITED STATES of America, Plaintiff,

v.

Thomas M. CASSIDY, M.D., Thomas
M. Cassidy, P.S.C., Defendants.

Bankruptcy No. 96–31653(2)7.
Adversary No. 96–3143.

United States Bankruptcy Court,
W.D. Kentucky.

June 30, 1997.

Douglas Miller, Radcliff, KY, for Debtor.

William Campbell, Louisville, KY, for Plaintiff.

### PARTIAL JUDGMENT

J. WENDELL ROBERTS, Bankruptcy Judge.

Pursuant to the attached Memorandum–Opinion,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Motion of the Plaintiff, the United States of America, for Partial Summary Judgment be, and is, **SUSTAINED**.

**IT IS FURTHER HEREBY ORDERED AND ADJUDGED** that the Criminal Judgment entered against the Defendant/Debtor, Thomas M. Cassidy, in Case No. 3:96CR–00023–001, for restitution in the amount of $80,645.68 plus interest be, and is, declared **nondischargeable** under 11 U.S.C. § 523(a)(7).

**IT IS FINALLY HEREBY ORDERED AND ADJUDGED** that judgment be, and is, entered against Defendant/Debtor, Thomas M. Cassidy, in favor of the United States for treble damages in the amount of $241,937.04 under the False Claims Act and that such damages be, and are, declared nondischargeable under 11 U.S.C. § 523(a)(7).

This is a final Order.

### MEMORANDUM–OPINION

This matter comes before this Court on the Motion of the Plaintiff, the United States of America ("Plaintiff"), for Partial Summary Judgment. Plaintiff seeks a determination that a criminal restitution in the amount of $80,645.68 plus interest entered by the United Sates District Court for the Western District of Kentucky against Defendant/Debtor, Thomas M. Cassidy, M.D. ("Defendant"), in Criminal Case No. 3:96CR–00023–001, is nondischargeable under §§ 523(a)(2), (4), and (7). Plaintiff further seeks a determination that Defendant's conduct upon which the Criminal Judgment against him was based, additionally supports a claim under the False Claims Act, 31 U.S.C. §§ 3729 through 3733,

entitling Plaintiff to treble damages, which are likewise nondischargeable.

Having fully reviewed the briefs filed by both parties, as well as the entire file, this Court finds that there are no material facts in dispute and Plaintiff is entitled by law to the partial judgment it seeks.

## *FACTS*

Defendant filed for protection under Chapter 7 of the Bankruptcy Code on April 12, 1996. Plaintiff, the United States of America, filed this Adversary Proceeding thereafter, on August 22, 1996, on behalf of the Department of Health and Human Services ("HHS") and the Department of Defense Office of Civilian Health and Medical Program of the Uniformed Services ("Champus").

Defendant is a medical doctor who provided medical and health care services in Radcliff, Kentucky, located near Fort Knox. In 1988, Defendant entered into agreements with CHAMPUS, Medicaid and Medicare to become a "participating physician," and continued to provide medical and health care services under those three programs through December 31, 1992. Pursuant to those three programs, Defendant would render services to patients who qualified to receive services in accordance with the guidelines of those programs, and would then submit claims to CHAMPUS, Medicaid and Medicare for payment. For a significant period of time starting possibly as early as January 19, 1990 and continuing through December 31, 1992, Defendant engaged in a pattern and practice of submitting false and fraudulent claims to CHAMPUS, Medicaid and Medicare.

On January 18, 1996, the United States filed suit against Defendant in the United States District Court for the Western District of Kentucky under the False Claims Act, 31 U.S.C. §§ 3729 through 3733. That action is still pending, being presently stayed by Defendant's bankruptcy action.

In addition to the False Claims Act lawsuit, a criminal action was also filed against Defendant in U.S. District Court for the Western District of Kentucky, on March 1, 1996. Defendant entered a guilty plea in that action to one count of submitting false claims to CHAMPUS, one count of Medicaid fraud, and one count of Medicare fraud. *See* Plea Agreement dated March 18, 1996, Case No. 3:96CR–00023–001. The guilty plea covers the period of March 1, 1991 through December 31, 1992. Thus, there is no dispute that Defendant engaged in the conduct complained of for the period covered by his guilty plea. A question does, however, remain with regard to the period of January 19, 1990 to March 1, 1991.

It was less than one month thereafter, on April 12, 1996, that Defendant filed this bankruptcy action.

On July 2, 1996, the U.S. District Court entered a Judgment against Defendant based on the Plea Agreement, sentencing Defendant to 12 months imprisonment, and ordering him to pay $80,645.68 in restitution. *See* Judgment in Criminal Case No. 3:96CR–00023–001. Of the $80,645.68 restitution amount, $33,463.00 was to be paid to CHAMPUS under Count I of the Criminal Complaint; $10,213.80 to Medicare under Count II; and $36,968.88 to Medicaid under Count III. To date, Defendant has made no payments.

Plaintiff filed this Adversary Proceeding seeking:

1) Compensatory damages and treble damages (under the False Claims Act) for claims submitted between January 19, 1990 and December 31, 1992 in an amount to be determined at trial;

2) That the debt be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4)[1]; and

3) That the portion of the debt imposed as restitution by the Criminal Judgment, in the

---

1. Plaintiff's Motion for Partial Summary Judgment additionally seeks relief under § 523(a)(6); however, Plaintiff failed to properly plead § 523(a)(6) in its Complaint Objecting to Dischargeability of Debt. Section 523(a)(6) relief must be sought within 60 days following the first date set for the meeting of creditors held pursuant to § 341(a), or is time-barred. B.R. 4007(c) and § 523(c)(1). Thus, Plaintiff is time-barred from seeking a determination of nondischargeability under § 523(a)(6).

amount of 480,645.68, be declared nondischargeable under § 523(a)(7).

Plaintiff filed this Motion for Partial Summary Judgment asserting that it is entitled by law to a determination that the $80,645.68 restitution award entered by the U.S. District Court in accordance with Defendant's Plea Agreement is nondischargeable under § 523(a)(7) based on the undisputed facts of this case. Plaintiff's Motion furthermore asserts it is entitled by law to a judgment for treble damages under the False Claims Act based on the same conduct supporting the Criminal Judgment, for the period covered by the Plea Agreement (March 1, 1991 through December 31, 1992). Defendant has pleaded guilty to conduct which would support a treble damages award under the Act for the period covered by the Plea Agreement. Thus, Plaintiff argues it is entitled by law to the partial judgment it seeks.

## LEGAL DISCUSSION

### I. SUMMARY JUDGMENT

In considering a motion for summary judgment, the question presented to this Court is whether there is "no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court cannot try issues of fact on a Rule 56 motion, but is authorized to determine whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court held that "in filing a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden; i.e., whether a jury could reasonably find either the plaintiff proved his case by the quality or quantity of evidence required by the law or that he did not." *Id.*, 477 U.S. at 254, 106 S.Ct. at 2513.

When ruling on a motion for summary judgment, the inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion, in this case the Defendant/Debtor. *Anderson*, 477 U.S. at 242, 106 S.Ct. at 2506–07. By granting summary judgment, the Court is concluding that based on the evidence upon which the nonmoving party intends to rely at trial, no reasonable fact finder could return a verdict for the nonmoving party. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985).

The moving party carries the initial burden of proof by informing the Court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the moving party has produced such evidence, the nonmoving party must then direct the Court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. In other words, the nonmoving party, in this case the Defendant/Debtor, must come forward with evidence establishing that he has a viable defense to the stated cause of action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

For the reasons set forth below, this Court finds Plaintiff has met its burden of proof entitling it to the partial summary judgment it seeks.

### II. THE RESTITUTION AWARD IN THE AMOUNT OF $80,645.68 IS NONDISCHARGEABLE.

In this case, Defendant concedes that the restitution award of $80,645.68 is nondischargeable (Defendant's Response at pp. 1–2). Defendant states at page two of his Response that "[t]he Judgment tendered to that effect may be entered, with additional language that the amount is found to be nondischargeable." Defendant, however, disputes Plaintiff's entitlement to interest on this debt, as well as Plaintiff's entitlement to treble damages under the False Claims Act.

### III. PLAINTIFF IS ENTITLED TO INTEREST ON THE RESTITUTION AWARD AS SET FORTH IN THE JUDGMENT ENTERED IN THE CRIMINAL CASE AGAINST THE DEFENDANT.

This Court has reviewed the Criminal Judgment entered against Defendant in Case

No. 3:96CR–00023–001, and finds that it clearly provides for the accrual of interest on the restitution award, if Defendant failed to pay the restitution within 30 days of the imposition of his sentence. Specifically, the Judgment includes a "Schedule of Payment," which provides that "payment of the total fine and other monetary penalties shall be due ... within 30 days of the date of imposition of sentence, otherwise interest shall apply." The sentence was imposed on June 17, 1996. Defendant has to date made no payment pursuant to that Judgment. Accordingly, Plaintiff is entitled to interest on the debt owed to it pursuant to that Judgment.

The Sixth Circuit has long held that:

a person who has a duty to pay the value of a benefit which he has received, *is also under a duty to pay interest upon such value from the time he committed a breach of duty in failing to make restitution* if, and only if: (a) the benefit consisted of a definite sum of money....

*Lytle v. Freedom International Carrier,* 519 F.2d 129, 136 (6th Cir.1975) (imposing a duty on civil litigants to pay restitution, quoting Restatement, Restitution, § 156) (emphasis added). This holding has been extended, as well, to criminal defendants ordered to pay restitution. *United States v. Blanchard,* 9 F.3d 22, 24–25 (6th Cir.1993); *See also United States v. Kress,* 944 F.2d 155, 159 (3rd Cir.1991), *cert. denied,* 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992) ("if postpetition interest were not required and the restitution not paid promptly, the government would suffer a loss, since the government cannot earn interest on or invest the money ..."); *Government of Virgin Islands v. Davis,* 43 F.3d 41, 47 (3rd Cir.1994), *cert. denied,* 515 U.S. 1123, 115 S.Ct. 2280, 132 L.Ed.2d 283 (1995) (award of interest on restitution order stating "[l]ost interest translates into lost opportunities, as it reflects the victim's inability to use his or her money for a productive purpose.").

Accordingly, interest is clearly included as part of the restitution award ordered by the Criminal Judgment against Defendant, which Defendant has conceded is nondischargeable. Section 101(12) defines the term "debt" as "liability on a claim." Section 101(5)(A) de-fines the term "claim" as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Thus, Plaintiff's right to payment includes not only the $80,645.68 restitution award, but also the interest awarded by the Criminal Judgment. Accordingly, the entire obligation owed to Plaintiff is nondischargeable. *See In re Hubbard,* 161 B.R. 173, 176 (Bankr.N.D.Tex.1993) (Interest owed by Chapter 11 debtor to government on $10,000.00 criminal fine was part of the total debt determined to be nondischargeable, due to the fact that the government's right to payment included not only the fine but the interest as well.); *See also In re Hanna,* 872 F.2d 829, 830–31 (8th Cir.1989) (Postpetition interest on a nondischargeable tax claim in a Chapter 7 case is likewise nondischargeable); *In re Burns,* 887 F.2d 1541, 1543 (11th Cir. 1989); *In re Haberman,* 137 B.R. 292 (Bankr.E.D.Wis.1992) (When the costs of a disciplinary proceeding awarded against a Chapter 7 debtor are held to be nondischargeable, interest on the cost judgment is nondischargeable as well.)

## IV. *PLAINTIFF IS ENTITLED BY LAW TO A JUDGMENT FOR TREBLE DAMAGES UNDER THE FALSE CLAIMS ACT, BASED ON DEFENDANT'S CRIMINAL CONVICTION.*

### A. *Bankruptcy Court has Jurisdiction over Plaintiff's False Claims Act Claim.*

Plaintiff has filed an action against Defendant under the False Claims Act in U.S. District Court for the Western District of Kentucky. That action has been stayed by this bankruptcy proceeding. Plaintiff has requested this Court, for purposes of judicial economy, to adjudicate this matter, as the undisputed facts clearly support Plaintiff's claim under that Act.

Defendant, however, argues that this Court lacks jurisdiction over this matter because this matter is already pending before the U.S. District Court. Defendant's argument is in error. This Court clearly does

have jurisdiction over Plaintiff's False Claims Act claim under 28 U.S.C. §§ 157 and 1334. Section 1334(a) grants the United States district courts original and exclusive jurisdiction of all bankruptcy cases and proceedings under Title 11. Section 1334(b) provides for concurrent jurisdiction between the district courts and the states with regard to "all civil proceedings arising under Title 11, or arising or related to cases under Title 11." The bankruptcy courts' specific jurisdiction is derived from § 157(a), which allows each district to delegate to the bankruptcy courts within its district any or all of the types of cases referred to in § 1334(a) and (b). Subsection (b)(1) of that Section goes on to specifically provide:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and *all core proceedings* arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

29 U.S.C. § 1334(b)(1) (emphasis added). 28 U.S.C. § 157(b)(2) sets forth the types of proceedings to be classified as "core proceedings." This Court finds that this Adversary Proceeding is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (I), which provide:

> (2) Core proceedings include but are not limited to — ...
>
> (B) allowance or disallowance of claims against the estate ...;
>
> (I) determinations as to the dischargeability of particular debts; ...

Accordingly, this Court has jurisdiction to adjudicate Plaintiff's claim and make a determination with regard to the dischargeability thereof.

**B.** *The undisputed facts support Plaintiff's Claim under the False Claims Act for conduct occurring during the period covered by Defendant's Plea Agreement.*

 The undisputed facts clearly support Plaintiff's claim under the False Claims Act for conduct occurring during the period of time covered by Defendant's Plea Agreement. The False Claims Act prohibits a person from, among other things:

> (a) knowingly presenting, or causing others to present, to an officer, employee or agent of the United States Government false or fraudulent claims for payment or approval; and
>
> (b) knowingly making, using or causing to be made or used false records and statements to get false or fraudulent claims paid or approved by the Government.

31 U.S.C. § 3729(a) and (b)(1988).

Plaintiff's Complaint charges that Defendant violated both provisions by engaging in an ongoing pattern of conduct whereby Plaintiff submitted false and fraudulent claims to CHAMPUS, Medicaid, and Medicare during a period spanning from January 19, 1990 through December 31, 1992. Defendant pleaded guilty to submitting false claims to CHAMPUS between March 1, 1991 and December 31, 1992 (Count I, Criminal Complaint and Plea Agreement, Case No. 3:96CR–00023–001), and to knowingly and willfully making and causing to be presented false claims to Medicare and Medicaid (Counts II and III, Criminal Complaint and Plea Agreement, Case No. 3:96CR–00023–001). Defendant's guilty plea, however, applies only to the period of March 1, 1991 through December 31, 1992. Nevertheless, this Court finds that for the period covered by the Plea Agreement—March 1, 1991 through December 31, 1992—Defendant has pleaded guilty to the very conduct that supports a claim under both provisions of the False Claims Act, 31 U.S.C. § 3729(a) and (b), cited above.

 The False Claims Act further provides that a criminal conviction for fraud has the legal effect of estopping a defendant from denying the essential elements of fraud in any subsequent legal actions arising out of the same conduct or transaction involved in the criminal proceeding. 31 U.S.C. § 3731(d) (1988); *see generally Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568, 71 S.Ct. 408, 413–14, 95 L.Ed. 534 (1951). Subsection (d) of § 3731 of that Act reads:

> Notwithstanding any other provisions of law, the Federal Rules of Criminal Proce-

dure, or the Federal Rules of Evidence, *a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceedings* and which is brought under subsection (a) or (b) of section 3730. 31 U.S.C. § 3731(d) (1988) (emphasis added). This rule—precluding defendants from denying issues in a subsequent action after the entry of a criminal judgment—applies with equal vigor, whether the defendant has been convicted by a jury or has pleaded guilty. *United States v. Killough,* 848 F.2d 1523, 1528 (11th Cir.1988); *United States v. DiBona,* 614 F.Supp. 40, 41 (E.D.Pa.1984); *United States v. Goldberg,* 256 F.Supp. 540, 542 (D.Mass.1966); *United States v. Bower,* 95 F.Supp. 19, 21–22 (E.D.Tenn.1951).

Accordingly, Defendant is estopped from denying that he knowingly submitted or caused to be submitted false claims to the government under the CHAMPUS, Medicare, and Medicaid programs for the period of March 1, 1991 through December 31, 1992, causing damage in the amount of $80,645.68.

Under the False Claims Act, Plaintiff is entitled to "three times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a) (1988). Here, the amount of damages was established by the Criminal Judgment entered by the U.S. District Court to be $80,645.68. Thus, Defendant is liable to Plaintiff for three times that amount, or $241,937.04.[2]

### C. *The treble damages under the False Claims Act are nondischargeable.*

 Defendant has conceded at pages one and two of his Response that the conduct to which he pleaded guilty, supporting the Criminal Judgment against him, is of such a nature as to render the restitution debt nondischargeable. Plaintiff's claim under the False Claims Act arises out of the exact same set of circumstances and conduct on behalf of Defendant. The treble damages imposed by that Act are penal in nature, as opposed to being compensation for actual pecuniary loss. Thus, Plaintiff's claim for treble damages under the False Claims Act is nondischargeable, as well, under § 523(a)(7), which provides for nondischargeability of a debt which is a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ..." *U.S. v. WRW Corp.,* 986 F.2d 138 (6th Cir.1993) (Civil Penalties imposed on debtor for violation of safety standards under the Federal Mine Safety and Health Act were nondischargeable under § 523(a)(7)); *In re Sokol,* 170 B.R. 556, 561 (Bankr. S.D.N.Y.1994), *aff'd.* 181 B.R. 27 (1995) and 113 F.3d 303 (1997) (States's treble damages claim against Chapter 7 Debtor, who was a physician, for knowingly submitting false statements to obtain payment from public funds based on debtor's conviction for Medicaid fraud was nondischargeable under § 523(a)(7), as it did not constitute compensatory damages, but rather was penal in nature); *In re Kelly,* 155 B.R. 75 (Bankr. S.D.N.Y.1993) (Treble damages awarded to State as a result of debtor's conviction of grand larceny from New York's Medicare program was nondischargeable under § 523(a)(7), as being in the nature of a "fine, penalty or forfeiture payable to and for the benefit of government unit."); *In re Tapper,* 123 B.R. 594 (Bankr.N.D.Ill.1991) (Civil penalty imposed on debtor for violation of Illinois Consumer Fraud and Deceptive Business Practices Act was nondischargeable as a penalty under § 523(a)(7)); *In re Renfrow,* 112 B.R. 22 (Bankr.W.D.Ky.1989) (Civil penalties assessed for violations of Kentucky Coal Mining Statute were nondischargeable).

### V. *ISSUES REMAINING.*

Plaintiff's nondischargeability Complaint charges that Defendant began engaging in the conduct complained of as early as January 19, 1990. However, Defendant's Plea Agreement in Criminal Case No. 3:96CR–

---

2. Plaintiff's Motion contains a mathematical error, calculating the treble damages to be $231,- 937.04.

00023–001 only covers the period of March 1, 1991 through December 31, 1992. Thus, the facts are only undisputed for the period covered by the Plea Agreement. Accordingly, upon entry of the Partial Summary Judgment in this case, the following issues will remain for subsequent adjudication:

(1) Plaintiff's claim for compensatory damages, as well as treble damages under the False Claims Act, for the period beginning January 19, 1990 and ending February 28, 1991; and

(2) In the event Plaintiff is determined to be entitled to such damages, the dischargeability of those damages under § 523(a).

### CONCLUSION

For the above stated reasons, this Court finds that there are no material facts in dispute for the portion of Plaintiff's claims attributable to the period of March 1, 1991 through December 31, 1992, and Plaintiff is entitled to a partial judgment as a matter of law for damages arising from Defendant's conduct for that period of time. Accordingly, Plaintiff's Motion of Partial summary Judgment is, by separate Order, sustained.