**In re Michael BAUMHAFT, Debtor.**

**Fifth Third Bank of Northwestern Ohio, N.A., Plaintiff,**

v.

**Michael Baumhaft, Defendant.**

**Bankruptcy No. 99–55501–R.
Adversary No. 00–4366.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 15, 2001.

Michael Baumhaft, Bloomfield Hills, MI, pro se.

John D. Hertzberg, Bingham Farms, MI, for Petitioning Creditors.

Kay Standridge Kress, Detroit, MI, for trustee.

Kenneth A. Nathan, Southfield, MI, trustee.

*Opinion Granting Plaintiff's Motion
for Summary Judgment*

STEVEN W. RHODES, Bankruptcy Judge.

In this nondischargeability action under 11 U.S.C. § 523(a)(2), (4) and (6), the plaintiff has moved for summary judgment. Because the debtor's pre-bankruptcy admissions and stipulations of fact are binding in this proceeding and justify a judgment of nondischargeability, the motion is granted.

## I.

On or about February 2, 1999, Michael Baumhaft pleaded guilty to violating 18 U.S.C. § 1344. Baumhaft entered into a Rule 11 plea agreement in which he stipulated to the elements of bank fraud pursuant to § 1344. In September, 1999, Baumhaft entered into a settlement agreement with Fifth Third National Bank of Northwestern Ohio to settle a civil action related to the bank fraud. Along with the settlement agreement, Baumhaft executed a verified statement in which he stipulated to certain facts regarding the bank fraud. The parties' intention to be bound by the settlement agreement and the stipulation of facts in a future bankruptcy proceeding is clearly reflected in the documents. In the settlement agreement, the defendant agreed that he would not challenge the nondischargeability of the obligations created by the settlement agreement through a bankruptcy proceeding. The verified statement contains the elements of nondischargeability under 11 U.S.C. § 523(a)(2), (4) and (6), and provides that it may be used for the purposes set forth in section 5 of the settlement agreement, which includes the nondischargeability of the obligation.

On October 4, 1999, a chapter 7 involuntary petition was filed against Michael Baumhaft. Baumhaft did not challenge the involuntary petition and an order for relief was entered. On April 27, 2000, Fifth Third filed the present adversary proceeding seeking a determination that the obligation owed to it is nondischargeable pursuant to § 523(a)(2), (4) and (6). On November 27, 2000, Fifth Third filed this motion for summary judgment.

Fifth Third argues that the settlement agreement, verified statement and plea agreement should be given preclusive effect in this nondischargeability proceeding and that the settlement agreement and the plea agreement demonstrate that there are no genuine issues of material fact and that Baumhaft cannot prevail under any circumstances.

Baumhaft asserts that because the settlement agreement and plea agreement are not final decisions on the merits, they should not be given preclusive effect.

The Court concludes that the plaintiff's motion should be granted because the parties' factual stipulations and Baumhaft's admissions both support a judgment for the plaintiff under 11 U.S.C. § 523(a)(2), (4) and (6) and preclude Baumhaft from relitigating those facts.

## II.

The standard of review for summary judgment is set out in Federal Rule of Civil Procedure 56(c), made applicable to this adversary bankruptcy proceeding by Bankruptcy Rule 7056. FED. R. CIV. P. 56 establishes the standard for granting summary judgment, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

The 1963 Advisory Notes which accompany this rule emphasize that "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." The Supreme Court discussed the standard for summary judgment at length in *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91

L.Ed.2d 265 (1986). The Court indicated that "the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact. *Id.* at 588, 106 S.Ct. at 1356–1357. Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "A motion for summary judgment [should] be denied 'unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances....'" *Silverman v. Katz (In re Katz),* 146 B.R. 617, 620 (Bankr. E.D.N.Y.1992) (citations omitted).

### III.

■ "The Sixth Circuit has held that the application of collateral estoppel in a nondischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment." *Ed Schory & Sons, Inc. v. Francis (In re Francis),* 226 B.R. 385, 388 (6th Cir. BAP 1998) (citing *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315 (6th Cir.1997)).

■ Under Michigan law, consent judgments are normally not given collateral estoppel effect, unless "the parties have entered an agreement manifesting an intention that the judgment be conclusive with respect to one or more of the issues[.]" *Mustaine v. Kennedy (In re Ken-*

*nedy),* 243 B.R. 1, 12 (Bankr.W.D.Ky.1997) (citing *Harrison v. Bloomfield Bldg. Indus., Inc.,* 435 F.2d 1192, 1194–95 (6th Cir.1970)) (additional citations omitted).

Where the agreement upon which a consent judgment is based is fairly to be construed as providing that the parties should be bound collaterally upon a certain point, that agreement will ... be given effect. An intention to be bound in this way should not however be found unless the language or admissible evidence affirmatively point to it, and such an intention should not be inferred from the circumstance, taken alone, that the agreement or judgment contains a stipulation or recital of the fact's existence. Where the parties to a consent judgment have not agreed to be thus bound, the rule pertaining to the effect of judgments do not require that they should be ....

*Industrial Ins. Servs., Inc. v. Zick (In re Zick),* 100 B.R. 867, 870 (Bankr.E.D.Mich. 1989) (quoting James, *Consent Judgments as Collateral Estoppel,* 108 U. Pa. L. Rev. 173, 193 (1959)).

■ In *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), the Seventh Circuit Court of Appeals considered whether a consent judgment contained language which would clearly indicate the parties' intention to be bound by the consent judgment.

In the consent decree entered into in this case, the parties specifically provided that the debt owed to Ms. Klingman would "not be dischargeable in any bankruptcy or similar proceeding and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and Correct without further proof." ... In this situation, it is certainly reasonable to conclude that the parties understood the conclusive effect of their

stipulation in a future bankruptcy proceeding. Consequently, the consent judgment should be given collateral estoppel effect.

*Id.* at 1296. In a footnote the court further explained:

As the bankruptcy court properly noted, the stipulation that the debt owed to Ms. Klingman would "not be dischargeable in any bankruptcy or similar proceeding" did not constitute a waiver of Mr. Levinson's right to have a bankruptcy court determine the dischargeability of the debt. *See In re Levinson*, 58 B.R. 831, 836–37 (Bankr.N.D.Ill.1986) ... Generally, all debts are dischargeable in bankruptcy unless specifically excepted by a provision in the Bankruptcy Code. *See, e.g., In re Cross*, 666 F.2d 873, 879 (5th Cir. Unit B 1982). For public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlaying facts that the bankruptcy court must examine to determine whether a debt is dischargeable.

*Id.* n. 3. The court then held that Ms. Klingman was entitled to summary judgment because Mr. Levinson's stipulations regarding the underlying facts of the nondischargeability action were entitled to collateral estoppel effect.

## IV.

 In the present case, the parties entered into a settlement agreement which specifically provides that "Baumhaft's payment obligations under Sections 2, 3 and 4 hereof are nondischargeable in bankruptcy." In support of the nondischargeability provision in the settlement agreement, the Baumhafts executed a verified statement, which provides:

The payments due to Bank from Baumhaft under Sections 2, 3 and 4 of the Agreement are nondischargeable in bankruptcy under 11 USC § 523(a)(2), (4) and (6), as such payments are to resolve Bank's loss due to Baumhaft's fraud, fraud as a fiduciary and willful and malicious injury.

(Verified statement provided to the Court for *in camera* review).

Further, Baumhaft entered into a Rule 11 plea agreement in which he stipulated to certain facts. Specifically, he stipulated that the factual allegations in the information were true and constituted a violation of the bank fraud statute. The elements of bank fraud are: "1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; 2) that the defendant did so with the intent to defraud; and 3) that the financial institution was insured by the FDIC." *United States v. Hoglund*, 178 F.3d 410, 413 (6th Cir.1999). In addition, Baumhaft stipulated to the following:

Between on or about December 1996, and October, 1997, the defendant, doing business as First Independence Capital Corporation, 7125 Orchard Lake Rd., # 111, Bloomfield Hills, MI 48322, executed a scheme to defraud Fifth Third Bank (a financial institution as defined in 18 USC 20). The defendant paid gratuities to a Fifth Third Bank lending officer and submitted false and fictitious documentation to Fifth Third Bank for the purpose of fraudulently inducing the bank to make loans to First Independence Capital Corporation's clients. Typically, the documentation falsely represented that the loans were being sought for the purpose of purchasing specified equipment to be used in the operation of the clients' business.

(Rule 11 plea agreement at 2.)

In the present case, the parties' agreement that the debt would be nondischargeable and verified statement delineating the elements of § 523(a)(2), (4) & (6) clearly manifest an intention to be bound by their stipulation of facts in a future bankruptcy

proceeding. Further, the Sixth Circuit Court of Appeals has given collateral estoppel effect to plea agreements. *See Gray v. Comm'r IRS,* 708 F.2d 243, 247 (6th Cir.1983) (guilty plea to tax fraud charges has collateral estoppel effect). Several courts have given plea agreements and statements made in criminal proceedings collateral estoppel effect in bankruptcy nondischargeability proceedings. *See Biondic v. United States (In re Biondic),* 194 B.R. 816 (N.D.Ohio 1995); *Peoples Bank of Dickson v. Duke (In re Duke),* 172 B.R. 575 (M.D.Tenn.1994); *United States v. Cassidy (In re Cassidy),* 213 B.R. 673 (Bankr.W.D.Ky.1997); *Goff v. IRS (In re Goff),* 180 B.R. 193 (Bankr.W.D.Tenn. 1995). The statements in Baumhaft's Rule 11 plea agreement also fully establish the elements of nondischargeability pursuant to § 523(a)(2)(A). There are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law. Accordingly, Fifth Third Bank's motion for summary judgment is granted.

An appropriate order will be entered.